IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-00475-CNS

NJAM SEM DJONG and
KIT DJIN JAP,

    Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security,
UR JADDOU, Director of USCIS,
KRISTI BARROWS, District Director of USCIS, and
ANDREW LAMBRECHT, USCIS Denver Field Office Director,

    Defendants.

---

**ORDER**

---

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 7. The Court GRANTS the motion for the following reasons.

## I.  BACKGROUND

Plaintiffs are challenging the United States Citizenship and Immigration Services (USCIS)'s denial of their I-485 Forms to adjust their immigration status to lawful permanent resident under 8 U.S.C. § 1255(a).[1]

---

[1] The statute refers to the Attorney General; however, Congress later transferred enforcement to the Secretary of Homeland Security and created USCIS as a division responsible for administering immigration benefit applications. Pub. L. No. 107-296, § 402. Whenever the INA refers to the Attorney General, it effectively means USCIS. *See Awe v. Napolitano*, 494 F. App'x 860, 862 n.3 (10th Cir. 2012) ("The statutory reference to the Attorney General is a legal artifact.").

Plaintiffs are citizens of Indonesia living in Colorado. ECF No. 6, ¶¶ 18–19. Their son is a United States citizen living in Colorado. *Id.* Plaintiffs last entered the United States in November 2021 on tourist visas. *Id.*, ¶¶ 8, 52, 98. To obtain their tourist visas, Plaintiffs applied at the United States Consulate in Jakarta, Indonesia, and were approved. *Id.*, ¶¶ 28, 85, 96.

In November 2021, Plaintiffs' son filed I-130 petitions with USCIS to establish that Plaintiffs were qualifying relatives to begin the process of becoming lawful permanent residents. *Id.* ¶ 9. These petitions were approved and, in November 2022, Plaintiffs filed I-485 forms to adjust their immigration status to lawful permanent resident under 8 U.S.C. § 1255(a). *Id.* ¶ 11.

In October 2023, USCIS issued Plaintiffs a Notice of Intent to Deny regarding their respective I-485 Forms. *Id.* ¶¶ 54, 100. In the Notice of Intent to Deny, USCIS stated that Plaintiffs were inadmissible because they had obtained their tourist visas via fraud or willful misrepresentation of material facts relating to their family, namely that they failed to disclose that their son lives in the United States, and that Mr. Djong had stated that they had been married for 50 years when the marriage certificate was actually issued in 2010. *Id.* ¶¶ 54, 66, 101. Plaintiffs contend that these are not material facts to the application, and that they were not willfully misrepresented because they were misunderstood or misinterpreted because Mr. Djong and the consular officer did not understand each other. *Id.* ¶¶ 33–37. Mr. Djong speaks Indonesian with about 30% fluency, and the consular officer did not speak Indonesian fluently. *Id.* Mrs. Jap speaks Indonesian with about 10% fluency, and only answered two questions (regarding her name and her parents' names). *Id.* ¶¶ 82, 91–92. Plaintiffs responded to the notices

explaining that they did not intentionally provide false information on their visa applications or at the visa interview. *Id.* ¶ 63.

USCIS denied Plaintiffs' respective I-485 applications on November 30, 2023. *Id.* ¶¶ 64, 111. The denial decisions stated that Plaintiffs did not provide evidence to support their claims, that Mr. Djong's testimony was not credible, and that Plaintiffs are responsible for the information on their visa applications. *Id.* ¶¶ 67, 114. USCIS thus determined that Plaintiffs were inadmissible to the United States and so were not eligible for adjustment of status. *Id.* ¶¶ 60, 106.

On February 20, 2024, Plaintiffs filed suit in this District. Plaintiffs argue that USCIS's findings are "manifestly false and no reasonable adjudicator could make" those findings. *Id.* ¶¶ 68–69. Plaintiffs seek a declaration that USCIS's decision to deny Plaintiffs' applications for adjustment of status was unlawful and that USCIS's policy to presume fraud or misrepresentation on visas with false information is arbitrary and capricious under the Administrative Procedure Act (APA). *Id.*, ¶¶ 1–8 at 15–16.[2] On May 9, 2024, Defendants filed a Motion to Dismiss. ECF No. 7.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

To survive a Rule of Civil Procedure 12(b)(1) motion to dismiss, "a plaintiff must demonstrate that the court has subject matter jurisdiction." *Audubon of Kan., v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "A Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.,* 939 F.3d 1106, 1108 (10th Cir. 2019). "The party invoking federal

---

[2] Plaintiffs began a new set of numbering in the "Request for Relief" section. The Court refers to the second set of paragraphs 1–8, appearing on pages 15–16.

3

jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotations omitted).

A defendant may challenge subject matter jurisdiction under Federal Rule 12(b)(1) by "facial[] attack [of] the complaint's allegations." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1000, 1002 (10th Cir. 1995). When a party brings a facial attack, courts must accept a complaint's allegations as true. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 877 (10th Cir. 2017).

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Based on this standard, dismissal may occur "either because [the claim] asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Bd. Of Cnty. Comm'rs v. Brown Group Retail, Inc.*, 598 F.Supp.2d 1185, 1191 (D. Colo. 2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [claimant] 'ha[s] not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Plausible,"

however, "does not refer to the likelihood that the allegations can be proven or even that the allegations are true." *Bd. Of Cnty. Commr's*, 598 F. Supp. 2d at 1191–92. Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III. ANALYSIS

Plaintiffs argue that USCIS's decision to deny Plaintiffs' I-485 applications violates § 702 of the APA and § 1255(a) of the INA because the policy to presume fraud in all cases of alleged false information on a visa application is arbitrary, capricious, an abuse of discretion, and contrary to law. ECF No. 6, ¶ 75. Plaintiffs seek a declaration that the denial was unlawful, request that the Court enjoin USCIS from implementing its policy to presume fraud, enjoin USCIS from denying Plaintiffs' applications, order USCIS to approve their applications, and grant attorneys fees and costs. *Id.* Defendants argue that the APA claims should be dismissed because the INA bars jurisdiction of federal courts to review USCIS decisions. ECF No. 7 at 2.

Additionally, Plaintiffs bring a § 1983 claim, arguing that USCIS denied Plaintiffs' rights to due process and equal protection by depriving them of a fundamentally fair proceeding and denying them procedural and substantive due process. ECF No. 6, ¶ 128. Defendants argue that the § 1983 claim should be dismissed because Plaintiffs fail to state a claim. *Id.*

### A. Administrative Procedure Act Claims

Plaintiffs argue that USCIS's policy of presuming fraud, leading to the denial of their application for adjustment for status, is arbitrary and capricious. Defendants argue that the court lacks subject matter jurisdiction over Plaintiffs' APA claims because the INA deprives federal courts of jurisdiction to review USCIS decisions relating to adjustment of status. ECF No. 7 at 2.

The APA allows for judicial review of agency action: a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Section 706 outlines the scope of review. Relevant here, § 706(2)(A) states that "the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions" that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706.[3] However, APA § 701 cabins this review: it is available except to the extent that "statutes preclude judicial review." 5 U.S.C. § 701(a)(1).

---

[3] The other available avenue of review is laid out in § 706(1), which provides that the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." The full provision of § 706(2) reads that reviewing courts shall "hold unlawful and set aside agency action, findings, and conclusions" found to be:
    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B) contrary to constitutional right, power, privilege, or immunity;
    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    (D) without observance of procedure required by law;
    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
    (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

The INA grants authority to USCIS to adjust the status of a noncitizen to that of a lawful permanent resident. 8 U.S.C. § 1255(a).[4] USCIS may, in its discretion, adjust the status of a noncitizen who "was inspected and admitted or paroled into the United States" to lawful permanent resident if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." *Id.*

However, the INA establishes grounds of inadmissibility that make noncitizens ineligible for a visa. 8 U.S.C. § 1182(a). One such ground is if the noncitizen, "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa." 8 U.S.C. § 1182(a)(6)(C)(i). This section requires subjective intent to deceive in order to obtain benefits. *See Matter of Richmond*, 26 I. & N. Dec. 779, 784 (BIA 2016).

The INA also includes jurisdiction stripping provisions that bar certain actions from judicial review. Defendants argue that two of these provisions apply, and so the Court lacks jurisdiction to hear this case. The Court agrees.

1. INA Section 1252(a)(2)(B)(i)

Section 1252(a)(2)(B)(i) bars judicial review of agency decisions under certain provisions of the INA: "no court shall have jurisdiction to review . . . any judgment

---

[4] The full provision states:
> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). Defendants argue that Plaintiffs' claims fall squarely within this jurisdictional bar.

Plaintiffs argue that § 1252(a)(2)(B)(i) can be interpreted in such a way to circumvent the jurisdictional bar. Plaintiffs argue that "judgment" only refers to decisions issued by an immigration judge, and so does not include USCIS determinations. ECF No. 8 at 2. Similarly, they argue that USCIS does not grant "relief" because the term applies to Immigration Court judgments. *Id.* They also argue that subparagraph (i) does not mention the Secretary of Homeland Security, so USCIS is not included. *Id.* at 3.

However, the Supreme Court has interpreted "judgment" in a way that undercuts Plaintiffs' interpretation. *See Patel v. Garland*, 596 U.S. 328 (2022). *Patel* interpreted § 1252(a)(2)(B)(i)'s bar of review of "any judgment regarding the granting of relief" under § 1255, the adjustment of status provision. *Patel*, like this case, involved a denial of an application for adjustment of status to lawful permanent resident; however, the application occurred during removal proceedings in front of an immigration judge, rather than USCIS.[5] The plaintiff in *Patel* had applied for adjustment of status, then applied for a driver's license and falsely checked that he was a U.S. citizen. USCIS denied the plaintiff's application, finding him ineligible for adjustment because of the misrepresentation that he was a U.S. citizen. *Id.* at 334. The Department of Homeland Security, several years later, initiated removal proceedings against the plaintiff, and he sought relief from removal by requesting discretionary adjustment of status from the immigration judge. *Id.* The plaintiff argued that the misrepresentation of citizenship on his driver's license application did not

---

[5] The INA allows immigration judges to adjust the status of certain noncitizens to lawful permanent resident during a removal proceeding to avoid removal.

render him ineligible for discretionary adjustment because he had checked the "citizen" box on the application by accident, and without the subjective intent that § 1182(a)(6)(C)(ii)(I) requires.[6] *Id.* at 334. The immigration judge denied the application, concluding that the plaintiff's testimony was not credible and that he had intentionally represented himself to be a citizen. *Id.* The plaintiff appealed, seeking review of the immigration judge's factual determinations that he had not testified credibly and that he subjectively misrepresented himself as a citizen. *Id.* Ultimately, the Supreme Court held that federal courts "lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)" in the context of removal proceedings. *Id.* at 347. The Supreme Court reasoned that "any" in § 1252(a)(2)(B)(i) has an "expansive meaning," and that "regarding" has a "broadening effect," so that "judgment" includes the granting of relief and also "any judgment *relating* to the granting of relief." *Id.* at 339. "Any judgment" means judgment of any kind, not just last in time or discretionary judgments. *Id.*

Plaintiffs argue that *Patel*'s interpretation of "judgment" does not apply to USCIS determinations, because *Patel* explicitly limited its holding only to removal proceedings, excluding USCIS discretionary determinations outside of removal proceedings: "reviewability of such decisions is not before us, and we do not decide it." *Patel*, 596 U.S. at 345. However, since *Patel*, most courts have held that the holding applies to review of denials of application for adjustment of status in any context. *See, e.g.*, *Azatullah v. Mayorkas*, No. 1:20-cv-01069, 2023 WL 5935028, at *7 (S.D.N.Y. Sept. 12, 2023)

---

[6] Subsection (C) covers misrepresentation; the subsection at issue in this case, (C)(i), covers misrepresentation in seeking to procure a visa, other documentation, admission, or any other immigration benefit. Subsection (C)(ii), at issue in *Patel*, covers falsely claiming citizenship.

("[V]irtually every court to have addressed this question post-*Patel* has concluded that the jurisdictional limitations of Section 1252(a)(2)(B) apply outside of the removal context."); *Abuzeid v. Mayorkas*, 62 F.4th 578, 585 (D.C. Cir. 2023) ("We recognize that our interpretation of § 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment of status by USCIS. That result is dictated by the plain meaning of the statute and by the reasoning of *Patel*."); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1029 (7th Cir. 2023) ("While *Patel* does not resolve the question presented in this appeal, its reasoning supports the conclusion that judicial review is unavailable. . . . [§ 1252(a)(2)(B)(i)]'s plain language strips us of jurisdiction to review denials of relief by USCIS under § 1255."); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (11th Cir. Mar. 20, 2023)); *Chaudhari v. Mayorkas*, No. 2:22-cv-00047-RJS-CMR, 2023 WL 1822000, at *7 (D. Utah Feb. 8, 2023) ("Thus, the language of § 1252(a)(2)(B)(i) compels the court to conclude *Patel*'s holding applies whether or not removal proceedings have commenced."). *See also Rabinovych v. Mayorkas*, 624 F. Supp. 3d 19, 26–27 (D. Mass. 2022), *appeal dismissed*, No. 22-1731, 2023 WL 2770984 (1st Cir. Jan. 13, 2023); *Kerur v. Mayorkas*, No. 23-cv-01305-VKD, 2024 WL 1024742, at *2 (N.D. Cal. Mar. 7, 2024); *Pham v. Nat'l Benefit Ctr.*, No. 23-cv-00242 JMS-WRP, 2023 WL 4534475, at *1-3 (D. Haw. July 13, 2023); *Fallis v. Jaddou*, No. 22-cv-00304 (EP), 2023 WL 3736326, at *3-5 (D.N.J. May 31, 2023); *Garcia v. U.S. Citizenship & Immigr. Servs.*, No. 3:22-cv-5984, 2023 WL 2969323, at *2 (W.D. Wash. Apr. 17, 2023); *Khakshouri v. Garland*, No. 22-cv-8508 PA (MRWx), 2023 WL 3432245, at *3 (C.D. Cal. Mar. 23, 2023); *Zarrabian v. U.S. Citizenship & Immigr. Servs.*, No. 21-cv-1962-LAB-MDD, 2023 WL 2375248, at *2 (S.D. Cal. Mar. 6, 2023); *Fernandes v. Miller*, No. 22-cv-12335, 2023 WL 1424171, at *2–5

(E.D. Mich. Jan. 31, 2023); *Boldt v. Jaddou*, 652 F. Supp. 3d 937, 940–41 (N.D. Ill. 2023); *see also Lee v. USCIS*, 592 F.3d 612 (4th Cir. 2010) (cited favorably in *Patel*).

Only one circuit court, to the Court's knowledge, has held otherwise. In *Mamogonian v. Biggs*, 710 F.3d 936 (9th Cir. 2013), the Ninth Circuit held that § 1252(a)(2)(B)(i) permits courts "to hear cases challenging final agency determinations respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds, provided there is no pending removal proceeding in which an alien could apply for such benefits." However, this decision was before *Patel* and relied on interpreting "judgment" to exclude nondiscretionary actions. *Id. Patel* then abrogated this definition of "judgment," defining it instead as "any authoritative decision." *Patel*, 596 U.S. at 337. Thus, this Court elects to follow the vast majority of courts holding that § 1252(a)(2)(B)(i) applies outside the removal context.

2. INA Section 1252(a)(2)(B)(ii)

However, regardless of whether the Court agrees with Plaintiffs' interpretation of § 1252(a)(2)(B)(i), their claims would still be barred by § 1252(a)(2)(B)(ii). Plaintiffs concede that "8 U.S.C. § 1252(a)(2)(B)(ii) . . . applies to the Defendants." ECF No. 8 at 3. Section 1252(a)(2)(B)(ii) strips jurisdiction over "any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." The decision whether to grant or deny an application for adjustment of status is clearly within the discretion of the Attorney General, which Plaintiffs do not dispute. ECF No. 8 at 4 ("the Defendants have authority to adjudicate applications for adjustment of status"). Instead, Plaintiffs argue that USCIS does not have

the authority to "implement their unlawful policy to presume fraud in all cases in which there is false information on a visa application." *Id.*

However, the Court cannot read their claims as anything other than a challenge of USCIS's denial of Plaintiffs' applications. While Plaintiffs frame this challenge as challenging a policy, the relief that Plaintiffs request in their Amended Complaint makes it clear that this is simply a challenge to the denial. Plaintiffs request that the Court:

> (2) Declare that USCIS's decision to deny the Plaintiffs' application for adjustment of status was unlawful, a violation of the Immigration and Nationality Act, and the relevant regulations, the Administrative Procedures Act, and the United States Constitution;
> (3) Declare that USCIS's policy that creates a presumption that any false information on a visa application will result in inadmissibility for fraud or misrepresentation under 8 U.S.C. 1182(a)(6)(C)(i) is unlawful;
> (4) Enjoin USCIS from implementing its policy that presumes that any false information on a visa application will result in inadmissibility for fraud or misrepresentation under 8 U.S.C. 1182(a)(6)(C)(i);
> (5) Order that USCIS shall be enjoined from denying the Plaintiffs' applications for adjustment of status;
> (6) Order USCIS to approve the adjudicate [sic] the Plaintiffs' application for adjustment of status in accordance with the law;
> (7) Grant an award of attorney's fees and costs;

The majority of these requests are about Plaintiffs' applications. Plaintiffs go so far as to ask the Court to enjoin USCIS from denying Plaintiffs' applications. These requests make it clear that the true challenge is to USCIS's decision to deny Plaintiffs' applications and the alleged policy's application to Plaintiffs. Such a decision is clearly within the INA's jurisdictional bars.

Using the language of § 1983 regarding an unconstitutional policy does not change this outcome. Plaintiffs admit that they cannot bring a § 1983 claim. Plaintiffs' challenge

to this alleged policy relies on APA review under § 702: challenging agency action as arbitrary and capricious. The alleged policy of presuming fraud would have informed the underlying factual determinations that Mr. Djong's testimony was not credible and that Plaintiffs had not proven that they provided false information inadvertently. These are exactly the kind of underlying factual determinations that *Patel* held were included in "judgment," and are therefore beyond judicial review. Whether the determinations were made based on an alleged policy or not does not change the outcome: courts cannot review those kinds of credibility determinations.

### 3. INA Section 1252(a)(2)(D)

Finally, Plaintiffs argue that their claim is still reviewable because 8 U.S.C. § 1252(a)(2)(D) allows "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." However, the statute clearly states that this review is available in the court of appeals, not the district courts. *See Chaudhari*, 2023 WL 1822000, at *7 (holding that district courts do not have jurisdiction to review "pure questions of law" under subparagraph (D)). Plaintiffs argue that "there is no legal mechanism for filing a petition for review directly from a USCIS decision to the court of appeals, making this procedure merely hypothetical." ECF No. 8 at 5 n.1. This is not the case. Similar petitions have been filed directly in the Tenth Circuit. *See, e.g., Mena-Flores v. Holder*, 776 F.3d 1152, 1152 (10th Cir. 2015) ("[Plaintiff] petitioned this court to review the Board's denial of his request for adjustment in status"); *Castellon-Guzman v. Holder*, 334 Fed. Appx. 886, *1 (10th Cir. 2009) (plaintiff "petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his application for cancellation of removal").

\* \* \*

Finally, Plaintiffs argue that public policy supports judicial review, and that there are public policy concerns with limiting the legal recourse for noncitizens. Indeed, there is a strong presumption favoring judicial review of agency action. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020). There are also public policy concerns in denying noncitizens a chance to correct agency errors in processing their green card applications. *Patel*, 596 U.S. at 364 (Gorsuch, J., dissenting). However, *Patel* made clear that "policy concerns cannot trump the best interpretation of the statutory text." *Patel*, 596 U.S. at 346. The Court cannot ignore the weight of authority, and must conclude that it lacks jurisdiction to hear Plaintiffs' APA claims.

### B. Constitutional Claims/ § 1983

In their First Amended Complaint, Plaintiffs argue that Defendants denied the Plaintiffs' right to due process and equal protection by depriving them of a fundamentally fair proceeding and denying them procedural and substantive due process. ECF No. 6, ¶ 128. Defendant argues that Plaintiffs' constitutional claims should be dismissed because: (a) they are barred by sovereign immunity; (b) Section 1983 does not apply to the federal government; (c) the INA bars review of Plaintiffs' constitutional claims even if not brought under Section 1983; and (d) Plaintiffs failed to state a constitutional claim. ECF No. 7 at 11–15. In their response, Plaintiffs concede that they cannot proceed with their constitutional claims under Section 1983. ECF No. 8 at 6. Therefore, Plaintiff's constitutional claims against Defendant are dismissed under Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

Consistent with the above analysis, the Court GRANTS Defendant's Motion to Dismiss. ECF No. 7.

DATED this 12th day of December 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge